ORR et al. v. SOUTH AMBOY TERRA COTTA CO.

(Supreme Court, Appellate Term.   June 28, 1905.)

CORPORATIONS—TRANSACTIONS WITH OFFICERS—EXECUTION OF NOTES—VALIDITY—NOTICE OF INFIRMITIES.

A note or other obligation given by a corporation to an officer or director is not necessarily void, but, as it is out of the usual course of business, a third person taking the obligation, and knowing either from recitals on its face or from extrinsic facts that the payee is an officer of the maker. corporation, is put upon inquiry as to whether or not the obligation has been lawfully issued; and, if it is subject to any legal infirmity, he cannot avoid the effect thereof by claiming to be a bona fide holder, without notice.

MacLean, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by George Orr and another against the South Amboy Terra Cotta Company.   From a judgment for defendant, and from an order denying a new trial, plaintiffs appeal.   Affirmed.

See 92 N. Y. Supp. 521.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Seth B. Robinson (Alexander S. Bacon, of counsel), for appellants.

Emmet & Robinson (Grenville T. Emmet, of counsel), for respondent.

SCOTT, P. J.   A note or other obligation given by a corporation to an officer is not necessarily void on that account.   It may be perfectly lawful and valid.   But as it is out of the usual course of business for a corporation to issue its obligations to its officers, the fact that an obligation is so made suggests that it may be irregular; and consequently a third person taking such an obligation, and knowing that the payee is an officer of the maker corporation, is put upon his inquiry as to whether or not the obligation has been lawfully issued.   There is no reason why this rule should not apply as well to directors as to any other officer.   When the note or obligation shows upon its face that it is made to an officer, the note itself conveys the notice to all persons into whose hands it may come.   When, as in the present case, it is made to a person without designation indicating that he is an officer, the transferee may or may not know the fact from other sources.   If he does know it, as the appellants did in this case, he is put upon his inquiry; and if it afterwards turns out that the obligation was subject to legal infirmity at its inception, he cannot avoid the effect of the infirmity by claiming to be a bona fide holder without notice.

Judgment affirmed, with costs.

DUGRO, J.   I am of the opinion that the law ought to be as MacLEAN, J., suggests, but that it is as SCOTT, P. J., decides. Therefore I concur.

MacLEAN, J. (dissenting).   Affirmance of the judgment herein involves disregard of the exception to the refusal to charge upon

request of the defendant: "The mere fact, known to the purchaser, that Poerschke was a director of the corporation, is not sufficient to throw discredit on the note, or put a bona fide holder upon his inquiry." Had this request been submitted in writing instead of ore tenus, its ingenuity under the surroundings might have been more noticeable, and have been followed by other instructions. Circumstances quite sufficient to put the taker upon his inquiry had been testified to in a way likely to impress those who heard the testimony, and also those who perused it in the printed case. The jury, however, were not bound to believe it. If by their disbelief it was eliminated, the overt refusal to charge the request amounted practically to an instruction as the law that where a person has sold or had discounted a note of a corporation in which he is a director, to the knowledge of the other party, bank or tradesman, contractor creditor, the latter, it is to be held, had actual "knowledge of such fact that his action in taking the instrument amounted to bad faith." Section 95, Negotiable Instruments Law (Laws 1897, p. 732, c. 612). To that I am not willing to subscribe until it has been authoritatively decided in a case directly involving the point, rather indicated by general expressions in cases where executive officers of corporations have issued paper to themselves. In such cases the appearances of evil are more patent, and they may be saved even in them by perfunctory inquiry. Wilson v. M. E. R. Co., 120 N. Y. 152, 24 N. E. 384, 17 Am. St. Rep. 625. That dealings between corporations and their directors are sometimes disadvantageous—even fraudulent and corrupt—is too well known. It is still better known that they are most commonly for the advantage of the corporations themselves. Directors are selected and put upon boards of banks, of manufacturing concerns, and of companies generally for the advantage they bring. In particular as to dealings in commercial paper their indorsements are often asked upon offering for discount, and upon paper given in the ordinary course of business, not for the sake of their individual credit, but frequently, well-nigh generally, because of their supposed knowledge respecting the corporation's solvency, of which their indorsements are practically guaranties.